IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CV-00862-BR

| | |
|---|---|
| MICHAEL RUTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CITY OF CREEDMOOR, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on two motions: (1) Plaintiff's Motion for Appointment of Mediator, filed on February 18, 2015 [DE-27] and (2) Defendants' Motion to Compel and Motion for Costs Pursuant to Rule 37(a) ("Motion to Compel"), filed on February 23, 2015 [DE-28]. All responsive briefing is complete and the motions are ripe for review. For the reasons that follow, Defendant's motion to compel is granted in part and denied in part, and Plaintiff's motion to appoint a mediator is denied.

## BACKGROUND

Plaintiff Michael Ruth ("Plaintiff") filed this action asserting several claims purportedly arising under 42 U.S.C. § 1983, the North Carolina Constitution, and state tort law against municipal and non-municipal Defendants in various capacities. Compl. [DE-1]. Plaintiff's claims arise from an event on August 30, 2012, when Plaintiff's vehicle was stopped and searched and Plaintiff was charged with speeding and carrying a concealed weapon without a permit in violation of N.C. Gen. Stat. § 14-269(a)(1). *Id.* ¶¶ 12-24. Ultimately, Plaintiff was found not guilty of the charge of carrying a concealed weapon. *Id.* ¶ 27.

The court entered a scheduling order on April 9, 2014, with the following critical deadlines: discovery and mediation to be completed by February 17, 2015, and potentially dispositive motions to be filed by March 20, 2015. [DE-15]. On November 20, 2014, the court granted a motion to withdraw filed by Arthur Friedman, counsel for Plaintiff. [DE-22]. A docket entry from January 28, 2015, indicates that as Plaintiff is proceeding *pro se*, the case is no longer subject to mandatory mediation. Jan. 28, 2015 Docket Entry. On March 23, 2015, the court entered an order granting Defendants' motion for extension of time, thereby extending the dispositive motions deadline to May 20, 2015, and continuing the trial until September 28, 2015. [DE-35].

## DISCUSSION

### 1. Plaintiff's Motion for Appointment of Mediator [DE-27]

Plaintiff requests that the court appoint a mediator in this case. Pl.'s Mot. [DE-27] at 1. Defendants respond that due to Plaintiff's *pro se* status, the case is no longer subject to mandatory mediation, and Defendants do not wish to participate in formal mediation. Defs.' Resp. [DE-32] at 1. Accordingly, Defendants argue that appointing a mediator is unnecessary at this point in the case. *Id.* In a supplemental letter/response which addresses both pending motions, Plaintiff states that he has a legal right to the mediation process or a mediator at this point in the case. Pl.'s Resp. [DE-36] at 1-2.

The Local Rules require that the parties in many civil cases participate in a mediated settlement conference prior to the close of the discovery period. *See* Local Civil Rule 101.1a(a). Several types of civil cases are automatically selected for mediation without requiring a court order directing that mediation occur, but "[c]ases wherein the United States is a party or any party appears pro se are not included within this automatic selection for mediation." Local Civil Rule 101.1a(b).

2

Where a case has not been automatically selected for mediation, the court may exercise its discretion to order that the parties participate in a mediated settlement conference. Local Civil Rule 101.1a(c).

Here, at the time the court entered the scheduling order, Plaintiff was represented by counsel and the case was subject to mandatory mediation. [DE-15] at 2-3. The scheduling order directed the parties to file a statement identifying a selected mediator within 21 days. *Id.* On June 19, 2014, the parties filed a statement identifying their selected mediator. [DE-17]. However, counsel for Plaintiff then withdrew and Plaintiff elected to proceed in this case *pro se*. [DE-18, -20, -22]. Accordingly, due to Plaintiff's *pro se* status, the case is no longer subject to mandatory mediation. Jan. 28, 2015 Docket Entry; Local Civil Rule 101.1a(b) (explaining that cases involving a *pro se* party are not subject to the mandatory mediation requirement). While the court has discretion to order that the parties participate in a mediated settlement conference pursuant to Local Civil Rule 101.1a(c), there appears to be no reason here to justify such an order. *See Robinette v. Duke Univ.*, No. 1:11CV536, 2011 WL 5530004, at *1 (M.D.N.C. Nov. 14, 2011) (unpublished) (determining there was no reason to exercise discretion and order mediation where a *pro se* party moved to compel mediation and the case was not subject to mandatory mediation under the local rules). The court declines to exercise its discretion and order that mediation occur in this case, and Plaintiff's motion to compel mediation is thus denied.

### 2.  **Defendants' Motion to Compel [DE-28]**

Defendants seek an order compelling Plaintiff's attendance at a deposition and costs and attorney's fees incurred in bringing the motion to compel, based on Plaintiff's refusal to answer questions at a previous properly-noticed deposition. Defs.' Mot. [DE-28] at 1. Defendants served Plaintiff with a notice of deposition pursuant to Fed. R. Civ. P. 26 & 30 on January 27, 2015,

3

scheduling the deposition for February 11, 2015. Ruth Dep., Ex. 5 (Notice of Dep.) [DE-29-4] at 31-33. Plaintiff appeared at the deposition on February 11, 2015, and offered conflicting accounts of whether he had received the notice of deposition. *Compare* Ruth Dep. [DE-29-2] at 110 (counsel inquires whether Plaintiff received the notice of deposition in the mail and Plaintiff responds "Yeah. I was going to come down here and do this and then – yeah."), *with* Ruth Dep. [DE-29-3] at 164 (counsel states that the deposition notice was mailed and Plaintiff responds "[n]o, you didn't. You sent me – no, you didn't. You sent me information, missing information, sir, so stop saying that."). On February 6, 2015, counsel for Defendants sent Plaintiff a letter requesting that Plaintiff supplement his previous responses to some interrogatories and requests for production. Ruth Dep., Ex. 2 (Letter to Plaintiff) [DE-29-4] at 2-3. At the deposition, after a certain point, Plaintiff refused to answer any questions other than ones related to the missing discovery responses. *See* Ruth Dep. [DE-29-2] at 103-05 (Plaintiff explains that he only came to answer questions related to the written discovery responses); 142-43 (Plaintiff states that he will not answer any more questions and that "[w]e can take it to trial."). In response to Defendants' motion to compel, Plaintiff states that he believed he was compliant at the deposition, as he answered all questions that he had received beforehand. Pl.'s Resp. [DE-36] at 2.

During a deposition taken pursuant to Rule 30, if a deponent fails to answer a question asked, the party seeking discovery may seek an order from the court compelling an answer. Fed. R. Civ. P. 37(a)(3)(B)(i). If a deponent has already been deposed in a case, the party seeking to re-depose the deponent must obtain leave of court. Fed. R. Civ. P. 30(a)(2)(A)(ii).

The court first addresses the timeliness of Defendants' motion to compel. While Rule 37(a) governing motions to compel does not specify a temporal requirement for the filing of such motions,

4

"[g]enerally, absent a specific directive in the scheduling order, motions to compel discovery filed prior to the discovery deadline have been held timely." *PCS Phosphate Co. v. Norfolk S. Corp.*, 238 F.R.D. 555, 558 (E.D.N.C. 2006); *Greene v. Swain Cnty. P'ship for Health*, 342 F. Supp. 2d 442, 449 (W.D.N.C. 2004) (deeming as untimely a motion to compel filed twenty-one days after the discovery deadline and six days after the motions deadline). Whether to grant or deny a motion to compel is generally left within the district court's "substantial discretion in managing discovery." *Lone Star Steakhouse & Saloon, Inc. v. Alpha Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995).

Defendants' motion to compel is essentially an implicit request to reopen fact discovery. "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "'[T]he touchstone of 'good cause' under Rule 16(b) is diligence.' In other words, the focus of the 'good cause' inquiry is 'on the diligence of the party seeking modification of the scheduling order.'" *Neighbors Law Firm, P.C. v. Highland Capital Mgmt., L.P.*, No. 5:09-CV-352-F, 2011 WL 238605, at *2 (E.D.N.C. Jan. 24, 2011) (unpublished) (quoting *Dilmar Oil Co. v. Federated Mut. Ins. Co.*, 986 F. Supp. 959, 980 (D. S.C. 1997), *aff'd*, 129 F.3d 116 (4th Cir. 1997)). "Rule 16(b)(4) expressly limits modification of scheduling orders to good cause and thus does not permit alteration of deadlines based upon a showing of extraordinary circumstances or in the interest of justice." *Id.* (quoting *Halpern v. Wake Forest Univ. Health Scis.*, 268 F.R.D. 264, 273 (M.D.N.C. 2010)) (internal quotation marks omitted). "Thus, a court may 'modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension.'" *Id.* (quoting Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment).

Here, Defendants took Plaintiff's deposition on February 11, 2015. Notice of Dep. [DE-29-4] at 31-33. Defendants filed the motion to compel on February 23, 2015, after the discovery

5

deadline of February 17, 2015, had passed. Defs.' Mot. [DE-28]. Even though the motion to compel was filed after the discovery deadline, Defendants still acted diligently in bringing the motion to compel–filing their motion 12 days after the deposition took place, and six days after the discovery deadline. Further, the court here has already extended the dispositive motions deadline and continued the trial date. [DE-35] at 1 (extending the dispositive motions deadline to May 20, 2015 and continuing the trial date until September 28, 2015). Thus, given Defendants' diligence in bringing the motion to compel, the court determines that Defendants have shown good cause and will turn to the merits of the motion.

Fed. R. Civ. P. 30(b)(1) provides that "[a] party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition, and if known, the deponent's name and address." A notice of deposition must also give the parties reasonable time to prepare for the deposition. *See United States v. Woods*, No. 5:07-CV-187-BR, 2008 WL 2115130, at *2 (E.D.N.C. May 16, 2008) (unpublished) (holding that a notice of deposition sent two weeks before the scheduled date and received one week prior was reasonable). Fed. R. Civ. P. 5 governs service of notices of deposition, and provides that service may be made by "mailing [the notice of deposition] to the person's last known address—in which event service is complete upon mailing." Fed. R. Civ. P. 5(a)(1)(E) & (b)(2)(C). A notice of deposition "is not required to state the subject matter concerning which the examination will be made." 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2106 (3d ed. 2008) (citing *Madison v. Cobb*, 29 F. Supp. 881 (M.D. Pa. 1939); *Saviolis v. Nat. Bank of Greece*, 25 F. Supp. 966 (S.D.N.Y. 1938)).

Fed R. Civ. P. 26(b)(1) provides the general rule regarding the scope of discovery. "Parties

6

may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "Relevancy under this rule has been broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party." *Equal Emp't Opportunity Comm'n v. Sheffield Fin. LLC*, No. 1:06CV00889, 2007 WL 1726560, at *3 (M.D.N.C. June 13, 2007) (unpublished) (internal citations and quotations omitted). With regard to depositions, Rule 30 provides that "[a] person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)" to terminate or limit the deposition if it is "being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent." Fed. R. Civ. P. 30(c)(2) & (d)(3)(A). While Rule 30(c)(2) is "addressed specifically to the circumstance in which a deponent is represented by counsel, the provision applies equally to a deponent who is a pro se litigant." *Lawrence v. Tiger Swan, Inc.*, No. 5:10-CV-379-BO, 2012 WL 34221, at *2 (E.D.N.C. Jan. 6, 2012) (unpublished) (citing *Ferrell v. Sparkman*, No. 4:06-CV-7, 2007 WL 172516, at *2 n.1 (E.D. Tenn. Jan. 18, 2007) (unpublished)).

Here, Plaintiff was properly noticed for the February 11, 2015 deposition. The notice of deposition was in writing, stated the time and place of the deposition, included the deponent's name and address, and was mailed fifteen days prior to the scheduled date. Notice of Dep. [DE-29-4] at 31-33; *see* Fed. R. Civ. P. 30(b)(2) (providing the requirements for a notice of deposition); *Woods*, 2008 WL 2115130, at *2 (holding that a notice of deposition sent two weeks before the scheduled date and received one week prior provided reasonable notice). While Plaintiff provided differing accounts of whether he had received the notice of deposition, the certificate of service attached to the notice of deposition shows that it was mailed on January 27, 2015, and when service of a notice

7

of deposition is made by mail, service is complete upon mailing. Ruth Dep. [DE-29-3] at 164 (Plaintiff stating that he had not received the notice of deposition); Fed. R. Civ. P. 5(a)(1)(E) & (b)(2)(C). Accordingly, pursuant to Fed. R. Civ. P. 30, Plaintiff was properly noticed for the February 11, 2015 deposition.

During the course of the deposition, Plaintiff stopped responding to counsel's questions, indicating that counsel for Defendants could "take it to trial" and ask him questions there. Ruth Dep. [DE-29-2] at 142-43 (Plaintiff states that he will not answer any more questions and that "[w]e can take it to trial."). Plaintiff's refusal appears to be based on a misunderstanding related to some written discovery responses. *Id.* at 103-05 (Plaintiff explains that he only came to answer questions related to the written discovery responses); Ruth Dep., Ex. 2 (Letter to Plaintiff) [DE-29-4] at 2-3 (counsel for Defendants requests that Plaintiff supplement previous responses to written discovery requests). However, in a deposition taken pursuant to Rule 30, the party conducting the deposition need not provide the deponent with a list of questions or topics for examination prior to the deposition. 8A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2106. The party conducting the examination may inquire into any nonprivileged topic, where there is "any possibility that the information sought may be relevant to the claim or defense of any party." *Sheffield Fin. LLC*, 2007 WL 1726560, at *3. Rule 30 provides three grounds whereby a person may instruct a deponent not to answer: (1) "to preserve a privilege," (2) "to enforce a limitation ordered by the court," or (3) "to present a motion under Rule 3(d)(3)." Fed. R. Civ. P. 30(c)(2). This rule applies equally to *pro se* litigants as well. *Lawrence*, 2012 WL 34221, at *2.

Here, Plaintiff refused to answer relevant questions about the events in question in this case and his conduct terminated the deposition entirely. His complete failure to answer relevant questions

8

was impermissible, and not allowed under any grounds laid out in Fed. R. Civ. P. 30(c)(2). As such, Defendants are entitled to take further deposition testimony from Plaintiff pursuant to Fed. R. Civ. P. 37(a)(B)(i). Defendants shall notice another deposition for Plaintiff, to occur on or before **May 10, 2015**. The parties are strongly encouraged to cooperate in finding a mutually agreeable time and location for this deposition. Plaintiff is cautioned that, even though he is proceeding *pro se*, he "still must conduct [himself] with civility in this court." *Wallace v. Jim Pattison Corp.*, No. 7:12-CV-94-F, 2013 WL 4419424, at *3 n.2 (E.D.N.C. Aug. 14, 2013) (unpublished).

### 3. Sanctions

If the court grants a motion to compel, it must, "after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 30(a)(5)(A). This opportunity to be heard may be orally or in writing. *Kister v. District of Columbia*, 229 F.R.D. 326, 329 n.2 (D.D.C. 2005). The court must not order sanctions, however, if the movant brought the motion to compel without first conferring in good faith, if the opposing party's position was substantially justified, or if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 30(a)(5)(A)(i)-(iii).

At this point, it appears that Plaintiff's conduct is sanctionable, given Plaintiff's refusal to participate in his properly-noticed deposition. Defendants seek an award of expenses, which they contend consist of $1,831.27 in costs and fees for the court reporter and the deposition transcript, and $3,000.00, which represents a reasonable estimate of the attorney's fees incurred in bringing the motion to compel. Defs'. Mot. [DE-28] at 3. However, the court will defer ruling on the issue of sanctions pending the completion of Plaintiff's deposition, so that the court may consider Plaintiff's

9

conduct at the second deposition, if necessary. Accordingly, Defendants shall have until **June 1, 2015** to file an affidavit reflective of their complete costs and attorney's fees incurred in bringing the motion to compel. Plaintiff shall then have until **June 15, 2015** to file a memorandum including any specific objections to Defendants' affidavit of costs and fees and any reasons for which Plaintiff's conduct is not sanctionable.

Plaintiff is cautioned that any failure to attend the subsequently-noticed deposition or to participate in that deposition will subject him to the imposition of sanctions. These sanctions may include dismissing with prejudice all of Plaintiff's claims, such that he is barred from bringing any of these claims again. *See* Fed. R. Civ. P. 27b)(2)(A)(v).

## **CONCLUSION**

It is therefore ordered that Plaintiff's Motion for Appointment of Mediator [DE-27] is DENIED, and Defendants' Motion to Compel [DE-28] is GRANTED in part and DENIED in part, as follows:

1. Defendant shall notice a deposition for Plaintiff to occur on or before **May 10, 2015**;

2. Plaintiff shall attend this noticed deposition and participate in conformity with the Federal Rules of Civil Procedure and the law as set forth in this order;

3. Defendants shall file an affidavit of costs and attorney's fees incurred in bringing the motion to compel by **June 1, 2015**; and

4. Plaintiff may file a memorandum including objections to the amount of costs and fees claimed by Defendants and justifications for why Plaintiff's conduct is not sanctionable by **June 15, 2015.**

SO ORDERED, this the 21 of April 2015.

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Robert B. Jones, Jr.
　　　　　　　　　　　　　　　　United States Magistrate Judge

11