IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:13-CV-862-BR

MICHAEL RUTH,

   Plaintiff,

v.                                                                    <u>ORDER</u>

CITY OF CREEDMOOR, *et al.*,

   Defendants.

This matter is before the court on defendants' motion for summary judgment. (DE # 38.) Although plaintiff, who is proceeding *pro se*, received notice of the motion, (DE # 40), he has not filed a response, and the time within which to do so has expired.

## I. BACKGROUND

On 30 August 2012, at approximately 11:48 p.m., defendant Robert G. Morris, who was serving as a patrol officer with the City of Creedmoor Police Department, observed a white SUV which appeared to be speeding on Main Street in Creedmoor, North Carolina. (Morris Aff., DE # 38-1, at 1.) He got behind the vehicle and paced it at a speed of 40 mph, in a 20-mph zone. (Id.) Morris pulled the vehicle over and upon reaching the vehicle, informed the driver, plaintiff Michael Ruth, that he was being stopped for speeding. (Id.) Morris obtained plaintiff's license and requested a license check at approximately 11:50 p.m. (Id. at 2.) He then returned to the vehicle and asked plaintiff if he had any drugs or weapons in the vehicle. (Id.) Plaintiff responded that he did not have any drugs but he had "a legal gun [he] purchased in the back

underneath the tools back there." (Pl. Dep., DE # 39-1, at 8.)[1] Upon request, plaintiff gave Morris consent to search the vehicle. (Id. at 11; Morris Aff., DE # 38-1, at 2.)

During the search, Morris found a revolver and ammunition in an unlocked backpack located in the cargo area of the vehicle. (Morris Aff., DE # 38-1, at 2; Varn Aff., DE # 38-2, at 1-2.) At approximately 12:02 a.m., Morris requested telecommunications to check for whether plaintiff had a valid conceal carry permit and was advised that plaintiff did not. (Morris Aff., DE # 38-1, at 2.) At approximately 12:04 a.m., Morris requested a weapons check and was advised at approximately 12:08 a.m. that no record was found. (Id. at 3.) He then issued plaintiff a citation for speeding and carrying a concealed pistol without a permit. (Id. & Ex. A.) Plaintiff was free to leave at this time. (Id. at 3.)

Plaintiff was argumentative during the stop, and time was spent attempting to explain the basis of the concealed weapon offense to plaintiff and to calm plaintiff down. (Id.; Varn Aff., DE # 38-2, at 2.) The stop lasted approximately 30 minutes. (Morris Aff., DE # 38-1, at 3.)

On 21 November 2012, plaintiff allegedly appeared in state district court on the citation. (Compl., DE # 1, at 6.) He pled responsible to "'improper speedometer'" in lieu of speeding and was found not guilty of carrying a concealed weapon without a permit. (Id.)

On 19 December 2013, plaintiff initiated this action. He alleges the following claims against Morris:[2] unreasonable search and seizure and false arrest pursuant to 42 U.S.C. § 1983; conspiracy to violate § 1983; malicious prosecution; false arrest and imprisonment; and infliction of emotional distress. He alleges claims for negligent supervision, hiring, training, discipline, and retention and for violation of § 1983 against the City of Creedmoor ("City").

---

[1] Page citations are to those generated by cm/ecf.
[2] Plaintiff also alleges these claims against John Does 1-10 (others purportedly involved in the 30 August 2012 incident). However, plaintiff has not amended his complaint to name any additional parties.

## II. DISCUSSION

To warrant summary judgment, the movant must show that "there is no genuine dispute of material fact and [it] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden on the moving party may be discharged by 'showing'— that is, pointing out to the district court— that there is an absence of evidence to support the nonmoving party's case." Carr v. Deeds, 453 F.3d 593, 608 (4th Cir. 2006) (citation omitted). The nonmovant must then come forward with specific facts to show that there is a genuine issue for trial; he cannot rest on the allegations in his pleading. Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 522 (4th Cir. 2003).

Plaintiff first challenges Morris's actions under § 1983. To the extent plaintiff challenges the search of his vehicle, plaintiff's consent to the search vitiates his claim. See United States v. Ortiz, 669 F.3d 439, 445 (4th Cir. 2012) ("A suspect's consent to search provides an exception to the Fourth Amendment's warrant and probable cause requirements." (citation omitted)).

To the extent plaintiff challenges the stop of his vehicle and his subsequent detention, the § 1983 claim also fails. "The 'decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred.' Observation of any traffic violation, no matter how minor, gives an officer probable cause to stop the vehicle." United States v. Taylor, 601 F. App'x 212, 214-15 (4th Cir. 2015) (citations omitted). "Although law enforcement officers may stop a vehicle that they observe is violating a traffic law— a stop that amounts to a seizure for purposes of the Fourth Amendment— the officers may not detain the vehicle for longer than necessary to accomplish the purposes of the stop." Ortiz, 669 F.3d at 444 (citations omitted). "In a routine traffic stop, the scope and duration of the stop is generally limited to 'requesting a driver's license and vehicle registration, running a computer check, and

3

issuing a ticket.'" United States v. Davis, 460 F. App'x 226, 230 (4th Cir. 2011) (citation omitted). If a motorist consents to a search of his vehicle, "he necessarily consent[s] to an extension of the traffic stop long enough for the officers to conduct the search." Id. at 232 (citation omitted). Also, if the stop is longer as a result of the motorist's own behavior, that fact may be taken into consideration in evaluating the reasonableness of the stop. See United States v. Sharpe, 470 U.S. 675, 699-700 (1985) (Marshall, J., concurring) (noting that a stop which is prolonged due to a suspect's own actions would be permissible); United States v. Branch, 537 F.3d 328, 336 (4th Cir. 2008) (recognizing that if the driver engages in obstructive actions, "a longer traffic stop would not be unreasonable" (citation omitted)).

As noted previously, Morris paced plaintiff's vehicle exceeding the posted speed limit by 20 mph, and in fact, plaintiff acknowledges he was speeding, (Pl. Dep., DE # 39-1, at 2). Thus, Morris had probable cause to stop plaintiff. As for the subsequent detention of plaintiff beyond the time it took to obtain plaintiff's license, run a check, and issue the citation, "[t]he duration of the stop was extended due to the consent search of the vehicle, the need to request information from communications, and the hostile manner in which [plaintiff] conducted himself." (Morris Aff., DE # 38-1, at 3; see also Varn Aff., DE # 38-2, at 2.) Under these circumstances, the court concludes that the length of the stop was not unreasonable so as to violate the Fourth Amendment.

To the extent plaintiff bases his § 1983 claim on false arrest, the claim likewise fails.

> To establish that his seizure was unreasonable, [the plaintiff] must demonstrate that his arrest was without probable cause. Probable cause is determined from the totality of the circumstances known to the officer at the time of the arrest. For probable cause to exist, there need be only enough evidence to warrant the belief of a reasonable officer that an offense has been or is being committed. "Probable cause requires more than bare suspicion but requires less than evidence necessary to convict."

4

Gantt v. Whitaker, 57 F. App'x 141, 146-47 (4th Cir. 2003) (citations omitted).

Here, assuming that plaintiff was in fact arrested (which defendants deny), Morris had probable cause to arrest plaintiff for the offense of carrying a concealed weapon without a permit. The essential elements of the offense, N.C. Gen. Stat. § 14-269(a1), are "(1) [t]he accused must be off his own premises; (2) he must carry a deadly weapon; [and] (3) the weapon must be concealed about his person." State v. Mather, 728 S.E.2d 430, 436 (N.C. Ct. App. 2012) (internal quotation marks and citation omitted). "Cases which have addressed the requirement that the weapon be 'about' the person of the defendant in various contexts have focused on the ready accessibility of the weapon, such that it was 'within the *reach* and control of the person charged.'" State v. Soles, 662 S.E.2d 564, 566 (N.C. Ct. App. 2008) (citation omitted). Both Morris and the backup officer testified that the backpack containing the gun appeared to be within reach of the driver. (Morris Dep., DE # 38-1, at 2; Varn Dep., DE # 38-2, at 1.) The backpack was unlocked and directly behind the driver's seat. (Varn Dep., DE # 38-2, at 1-2.) Considering the circumstances, Morris had a justifiable belief that plaintiff violated N.C. Gen. Stat. § 14-269(a1), and therefore, probable cause to arrest plaintiff existed.

For this same reason, plaintiff's state law claims for malicious prosecution and false arrest and imprisonment do not survive. "Standing alone, a plaintiff's acquittal does not make out a *prima facie* case for malicious prosecution." Hill v. Winn-Dixie Charlotte, Inc., 397 S.E.2d 347, 349-50 (N.C. Ct. App. 1990) (citation omitted). Rather, in addition to establishing that the earlier proceeding terminated in the plaintiff's favor, "plaintiff has the burden of establishing . . . '(1) that defendant initiated the earlier proceeding; (2) that he did so maliciously; and (3) without probable cause . . . .'" Id. at 349 (citation omitted). Plaintiff must also establish the absence of probable cause for his false arrest and imprisonment claim to survive. See Cox v. Roach, 723

5

Case 5:13-cv-00862-BR   Document 45   Filed 06/30/15   Page 5 of 6

S.E.2d 340, 350 (N.C. Ct. App. 2012) (recognizing that probable cause defeats claims for false arrest and imprisonment).

The probable cause standard under North Carolina law is virtually identical to the standard under the Fourth Amendment. See Strickland v. Hedrick, 669 S.E.2d 61, 72 (N.C. Ct. App. 2008) ("Probable cause refers to the existence of a reasonable suspicion in the mind of a prudent person, considering the facts and circumstances presently known. Thus, to establish probable cause, the evidence need not amount to proof of guilt, or even to prima facie evidence of guilt, but it must be such as would actuate a reasonable man acting in good faith." (internal quotations marks, alterations, and citations omitted)). Therefore, having concluded that probable cause under federal law exists, plaintiff's claims for malicious prosecution and false arrest and imprisonment fail. See Myrick v. Cooley, 371 S.E.2d 492, 495-96 (N.C. Ct. App. 1988).

As for plaintiff's remaining claims, the court agrees with defendants that there is no evidence of record to support plaintiff's claims for conspiracy, (see Pl. Dep., DE # 39-1, at 17), emotional distress, (see id. at 5), negligence against the City, (see id. at 15-16), and violation of § 1983 against the City, (see id. at 16).

### III. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment is ALLOWED. The Clerk is DIRECTED to enter judgment in favor of defendants and close this case.

This 30 June 2015.

                                   _W. Earl Britt_
                                   W. Earl Britt
                                   Senior U.S. District Judge

6

Case 5:13-cv-00862-BR   Document 45   Filed 06/30/15   Page 6 of 6